**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Florentino BITAO, Defendant–**
**Appellant.**

**No. 07–10277.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 16, 2008.*

Filed Jan. 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provid-

Loretta A. Faymonville, Federal Public Defender's Office, Honolulu, HI, for Defendant–Appellant.

Before: NOONAN, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM **

Florentino Bitao appeals his conviction and the district court's denial of his motion for acquittal. On November 5, 2002, during a routine customs inspection, Bitao was found entering the United States from the Philippines with various bogus financial instruments, including 251 Federal Reserve Notes in the amount of $500 million each. Bitao claimed he believed the documents were legitimate and he was bringing them into the country to be authenticated. He was convicted of possessing false and fictitious instruments purporting or contriving through scheme or artifice to be an actual security or other financial instrument issued under the authority of the United States with intent to defraud, and intent to pass, utter, present, offer, or sell the instruments, in violation of 18 U.S.C. § 514(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bitao contends the district court erred by failing to instruct the jury that it was required to find, as a separate element of the offense, that Bitao knew the instruments were false and fictitious. Knowledge of the instruments' falsity is not an element of 18 U.S.C. § 514(a)(2). The district court instructed the jury on the required mens rea—intent to defraud—and

ed by 9th Cir. R. 36–3.

Bitao was free to argue, and did argue, that he lacked the requisite mens rea because he did not know the documents were false.

Bitao also appeals the district court's denial of his motion for acquittal, on the basis there was insufficient evidence to establish he (1) intended to *use* the fictitious instruments, (2) with the intent to defraud. "When, as in this case, a claim of sufficiency of the evidence is preserved by making a motion for acquittal at the close of the evidence, this court reviews the district court's denial of the motion de novo." *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002). There is sufficient evidence to support a conviction "if 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Id.* at 641–42 (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

▪ First, the government presented evidence that Bitao intended to use the documents, including evidence that Bitao stood to profit handsomely from the sale or investment of the notes and that Bitao approached an investment advisor seeking a buyer or investment opportunity for the notes.

▪ Second, the government presented evidence from which a rational jury could infer intent to defraud: Bitao ignored warnings by his purported business partner that the notes were bogus and not to get involved with them, and warnings by a financial advisor that the notes were bogus and their use could land him in jail; Bitao used a false last name when corresponding with the financial advisor about the notes; Bitao placed the documents—which he supposedly believed might be worth billions of dollars—into his checked luggage rather than maintaining control over them

while traveling; Bitao failed to declare the documents as currency to customs; and, although Bitao told customs he was bringing the documents to the United States solely for authentication, he could provide no name or contact information of an agency or individual from whom he intended to seek authentication.

Accordingly, viewing the evidence in the light most favorable to the government, a rational jury could have found beyond a reasonable doubt that Bitao intended to use the fictitious documents, with the intent to defraud.

**AFFIRMED.**